## URSCHEL v. FORGAN et al.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1924.)

No. 6363.

1. **Bills and notes ⟨key⟩211—Note payable to maker's order and bearing his general indorsement payable to bearer.**

   Where notes were payable "to the order of myself," and maker placed his general indorsement on them, and delivered them to another, they are payable to bearer.

2. **Courts ⟨key⟩312(1)—In suit on notes, evidence of residence of party to whom they were first negotiated held sufficient to come within the exception to the assignee clause.**

   Evidence that the person to whom the notes in suit were first negotiated resided and maintained an office in Missouri, and maker was a resident of Kansas, *held* sufficient proof to come within the exception to Judicial Code, § 24 (Comp. St. § 991), prohibiting suit by assignee of a note in a federal court, unless the suit could have been maintained in the absence of the assignment.

3. **Evidence ⟨key⟩15—Common knowledge that domicile usually accords with residence and business location.**

   Observation teaches as a matter of common knowledge that domicile is usually in accord with residence and business location.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by David R. Forgan and others against D. F. Urschel. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. T. Rogers, of Wichita, Kan. (John Madden and John Madden, Jr., both of Wichita, Kan., and Dennis Madden, of Topeka, Kan., on the brief), for plaintiff in error.

Blatchford Downing, of Kansas City, Mo. (H. L. McCune and R. B. Caldwell, both of Kansas City, Mo., on the brief), for defendants in error.

Before LEWIS, Circuit Judge, and SYMES and PHILLIPS, District Judges.

LEWIS, Circuit Judge. [1, 2] Urschel, a citizen and resident of Kansas, was sued as the maker of three promissory notes by the defendants in error, citizens and residents of other states. The notes were payable "to the order of myself." When Urschel placed on them his general endorsement and delivered them to J. H. Van Unger, which he admitted doing, they were payable to bearer. Van Unger transferred them without his endorsement to a corporate citizen and resident of New York, and it in turn transferred them with its general endorsement to defendants in error for value in due course before maturity. So far there was no dispute on the facts stated. The complaint alleged that Van Unger was a citizen and resident of the State of Missouri. The answer contains a general denial. At the close of the trial Urschel's counsel raised the question of jurisdiction, claiming there was no proof that Van Unger was not a citizen of Kansas, under

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that part of Section 24, Judicial Code (Section 991, U. S. Comp. Stats.), reading:

"No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

[3] But a witness for plaintiffs had testified that Van Unger resided in Kansas City, Missouri, and the proof also tended to show that he maintained a business office there. Nothing was said to the contrary. The court overruled the objection on the ground that Van Unger's residence in Kansas City, Missouri, prima facie established that he was not a citizen of Kansas. We think the ruling was right. Observation teaches as a matter of common knowledge that domicile is usually in accord with residence and business location. That inference stands until the contrary is established. Anderson v. Watt, 138 U. S. 694, 706, 11 Sup. Ct. 449, 34 L. Ed. 1078. The complaint brought the case within the court's jurisdiction. There was evidence to sustain it against the objection made; and we need not decide on whom the burden rested in that respect under the pleadings. Hill v. Walker, 167 Fed. 241, 92 C. C. A. 633; Auto Acetylene Light Co. v. Prest-O-Lite Co. (C. C. A.) 276 Fed. 537.

The answer also set up as a defense that the notes were fraudulently procured from Urschel by Van Unger, that they were given for shares in the Associated Mill & Elevator Company, that fraudulent representations about that company were made by Van Unger while he was acting as its agent in selling the shares and procuring Urschel's notes therefor, that Urschel never received the shares, and that the company is insolvent and in the hands of a receiver. No proof was offered to establish any of these allegations, but it was stipulated that the fraudulent representations charged might be taken as proved for the purposes of the case. Realizing that the alleged fraud would be unavailing as a defense against plaintiffs who had taken the notes in due course for value before maturity unless they had notice of the fraud, Young v. Lowry, 192 Fed. 825, 113 C. C. A. 149, counsel for Urschel then attempted to prove notice. In this he wholly failed. After discussion between court and counsel of the law to be applied, of the necessity of some proof of notice, before the defense of fraud could be submitted to the jury, counsel announced he had no further proof, and there was an instructed verdict and judgment for plaintiffs. In this we think there was no error, and there is no specification of others.

Judgment affirmed.